IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

| | | |
|---|---|---|
| **ROBERT ELLIS POWER, JR.,** §<br>**#58832-054** §<br> §<br>**V.** §<br> §<br>**MADISON COUNTY, MISSISSIPPI,** §<br>**MISSISSIPPI DEPARTMENT OF** §<br>**CORRECTIONS, CHRISTOPHER B.** §<br>**EPPS, GLORIA GIBBS, LEE** §<br>**WESTBROOK, MICHAEL GUEST,** §<br>**and GEORGE YODER** § | | **PLAINTIFF**<br><br><br>**Civil Action No. 3:11-cv-88-HTW-LRA**<br><br><br><br><br><br>**DEFENDANTS** |

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

This matter is before the Court on consideration of *pro se* Plaintiff Robert Ellis Power, Jr.'s pleadings.  He is a federal inmate and initiated this action under Title 42 U.S.C. § 1983 for an alleged double jeopardy violation when the State lodged a detainer against him for a sentence, which he alleges he already fulfilled.  The Court has liberally construed the pleadings.  This case is dismissed.

### FACTS AND PROCEDURAL HISTORY

On August 21, 2009, Power was convicted in this Court of attempt and conspiracy to commit mail fraud and of bankruptcy fraud.  The Court sentenced him to a total of 105 months' imprisonment, followed by three years of supervised release.  He is currently serving his sentence in the custody of the Federal Bureau of Prisons.

Power alleges that, subsequently, the State of Mississippi lodged a detainer with the Federal prison in order that he may be turned over to the State at the end of his federal sentence to begin serving time on a prior State sentence.  According to him, the State claims, "Plaintiff did

not fulfill the incarceration requirements of the [State] court.  Defendant MDOC stated to [the federal prison officials] that Plaintiff must serve an additional (82) eighty-two days of incarceration." (Dkt. 31 at 1).  He maintains that he has already fulfilled his State sentence and was released from State custody on October 30, 2006.

Power filed the present action challenging his State detainer and sentence.  He brings both Section 1983 claims and, construing his pleadings liberally, he asserts a Section 2254 habeas action.  He alleges that the additional State sentence was imposed in violation of double jeopardy and he in fact has already served the full term of his State sentence.  Power complains that as a result of the detainer, the federal prison is not allowing him to participate in certain rehabilitative programs.  He filed this action against various State agencies and employees, seeking money damages for pain and suffering and "an order of dismissal to the defendants.  For [sic] that order to be forward[ed] to the Federal Bureau of Prison[s], for cause numbered in Madison County Circuit Court 2004-0699." (Compl. at 4).  He asserts that "dismissal of the charges is the only possible remedy." *Id.* at 13.

## DISCUSSION

SECTION 1983

The Prison Litigation Reform Act of 1996, applies to prisoners proceeding *in forma pauperis* in this Court.  One of the provisions reads, "the court shall dismiss the case at any time if the court determines that . . . the action . . . –(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." Title 28 U.S.C. § 1915(e)(2)(B).  The statute "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the

unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). "[I]n an action proceeding under Section 1915(d), [a federal court] may consider, sua sponte, affirmative defenses that are apparent from the record even where they have not been addressed or raised." *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990). "Significantly, the court is authorized to test the proceeding for frivolousness or maliciousness even before service of process or before the filing of the answer." *Id.*  The Court has permitted Power to proceed *in forma pauperis* in this action.  His Complaint is subject to *sua sponte* dismissal under Section 1915.

Power explicitly invokes Section 1983, claiming Defendants are seeking to illegally confine him for an amount of time exceeding his court ordered State sentence.  Because of the alleged illegal sentence, he argues, he has suffered damages in the form of lost privileges.  He further asks for an injunction lifting the detainer and dismissing the remaining sentence.

A Section 1983 claim that challenges the fact or duration of a State sentence "is barred (absent prior invalidation) . . . if success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005).  In such a case, "a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).  Where success on the §1983 claim "will not necessarily  imply the invalidity of confinement or shorten its duration," then the action may proceed.  *Wilkinson*, 544 U.S. at 82.

3

To succeed on Power's claim for both damages and injunctive relief under Section 1983, he will have to prove that he was entitled to participate in the federal prison programs but for an unlawful detainer.  To prove this, he will have to demonstrate that the State court sentence and detainer were illegally imposed.  *Stevens v. Heard*, 674 F.2d 320, 324 (5th Cir. 1982) (pre-*Heck* case involving a claim alleging "the invalid detainers have prevented [the prisoner] from receiving certain benefits" including a work release program).  This would necessarily require the Court to assess the validity of the State court sentence and the proposed confinement.  Power alleges that the sentence and detainer have not been invalidated.

Therefore, the Section 1983 action is barred by *Heck* and may not yet proceed. This claim is dismissed with prejudice for failure to state a claim until such time as Power successfully has the State court detainer and sentence invalidated, via appeal, post conviction relief, habeas, or otherwise.  *Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996).  This dismissal counts as a strike under 28 U.S.C. § 1915(g).  *Hamilton v. Lyons*, 74 F.3d 99, 102 (5th Cir. 1996).

HABEAS, SECTION 2254

Construing Power's *pro se* Complaint liberally, the Court finds that Power is also making a habeas claim under Section 2254.  This is because he asks the Court to dismiss the remaining State sentence.

Power maintains that he filed a motion with the State trial court challenging the detainer but has not yet received a ruling.  He maintains that he is not required to exhaust his Section 1983 claims.  The only attempts at relief in the State court that he describes are at the trial court level.  He denies pursuing this matter before the State appellate courts.

Before Power can pursue a habeas claim in this court, he must exhaust his available state remedies. Title 28 U.S.C. § 2254(b)(1)(A). This gives "the State the 'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (quoting *Duncan v. Henry*, 513 U.S. 364, 365 (1995)). In order to exhaust his claim for habeas, he is required to seek relief from the highest court of the State. *O'Sullivan v. Boerckel*, 526 U.S. 838, 840 (1999). Because the habeas claim is unexhausted, it is dismissed without prejudice.

**IT IS THEREFORE ORDERED AND ADJUDGED** that, for the reasons stated above, *pro se* Plaintiff Robert Ellis Power, Jr.'s Section 1983 claim is **DISMISSED WITH PREJUDICE** for failure to state a claim until such time has the State court sentence invalidated.

**IT IS FURTHER ORDERED AND ADJUDGED** that Power's habeas claim should be and is hereby **DISMISSED WITHOUT PREJUDICE**. A separate judgment will issue pursuant to Federal Rule of Civil Procedure 58.

**SO ORDERED, this the 21st day of October, 2011.**

s/ HENRY T. WINGATE
**UNITED STATES DISTRICT JUDGE**

Civil Action No. 3:11-cv-88 HTW-LRA
Memorandum Opinion